IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **HERMAN RAY HEFLIN,** | |
| **Plaintiff,** | |
| v. | 1:06-cv-1271-WSD |
| **PPG INDUSTRIES, INC., d/b/a PORTER PAINTS and PPG ARCHITECTURAL FINISHES, INC., d/b/a PORTER PAINTS,** | |
| **Defendants.** | |

## OPINION AND ORDER

This matter is before the Court on Plaintiff's First Motion for Leave to File Amended Pleading ("Pl's. Mot.") [9], Defendants' Opposition to Plaintiff's First Motion for Leave to File Amended Pleading [17], and Plaintiff's Reply in Support of Plaintiff's First Motion for Leave to File Amended Pleading [20].

*Background*

This is an employment action in which Plaintiff alleges disability and age discrimination. Plaintiff's complaint was filed on May 25, 2006 [1]. In it, Plaintiff claimed "Retaliation in Violation of the Civil Rights Act of 1991." ( Id. ¶¶ 44-47.) Plaintiff alleges he complained to the Defendants' Human Resources Department

about unspecified "discrimination" and "falsification of records," and was retaliated against for those complaints. Plaintiff now seeks to amend this claim to correct what he calls a "scrivener's error"[1] by substituting his reference in the claim "from 42 U.S.C. § 1981 to 42 U.S.C. § 12101, *et seq.* and to clarify Plaintiff's prayer for attorney's fees by providing the specific statute whereby Plaintiff prays for attorney's fees." (Pl's. Mot. at 1.)

*Discussion*

Rule 15 of the Federal Rules of Civil Procedure provides that, after a responsive pleading has been served, a party may amend only by leave of court or by written consent of the adverse party. See Fed. R. Civ. P. 15(a). Although the rule instructs that "leave shall be freely given when justice so requires," a district court may deny leave to amend for a number of reasons, including undue delay, bad faith, or when such amendment would be futile. Hall v. United Ins. Co. of

---

[1] Defendant notes substantial evidence in the record that Plaintiff is not in fact attempting to correct a "scriveners's error," but rather is attempting to add a theory of liability to the case different from that which he first deliberately articulated. The question before the Court is not whether Plaintiff credibly suggested that his original statement of a § 1981 claim was an error, but rather, as will be discussed below, whether the requested amendment prejudices the Defendant or is outside the scope of the EEOC Charge. The Court cautions Plaintiff that credibility before the Court is an important asset.

Am., 367 F.3d 1255, 1262-1263 (11th Cir. 2004); Maynard v. Bd. of Regents of Div. of Univs. of Fla. Dept. of Educ., 342 F.3d 1281, 1287 (11th Cir. 2003) (holding that district court did not abuse its discretion in denying a motion to amend filed on the last day of discovery, because granting the motion "would have produced more attempts at discovery, delayed disposition of the case, . . . likely prejudiced [the adverse party], [and] . . . there seems to be no good reason why [the movant] could not have made the motion earlier."). The decision whether to grant leave to amend rests in the sound discretion of the district court. Hall, 367 F.3d at 1262.

Defendants claim the amendment Plaintiff requests should not be allowed because Plaintiff did not allege a retaliation claim in the Charge he filed with the Equal Employment Opportunity Commission ("EEOC") and because to allow the amendment now would prejudice the Defendants. The Court disagrees.

The Court acknowledges that "the filing of a charge of discrimination with the EEOC is a condition precedent to the bringing of a civil action under Title VII." Sanchez v. Standard Brands, Inc., 431 F.2d 455, 460 (5th Cir. 1970).[2] In

---

[2] In Bonner v. City of Pritchard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions handed down prior to the close of business on September 30, 1981.

Sanchez the Court noted, "the crucial element of a charge of discrimination is the factual statement contained therein." Id. at 462. Everything else on the Charge form is, "in essence, a mere amplification of the factual allegations." Id.

Despite the requirement that a Title VII claim be based in an EEOC Charge, "procedural technicalities are not to stand in the way of Title VII complaints."[3] Id. at 464. A court "must liberally construe EEOC charges that are prepared without the assistance of counsel." Green v. Elixir Indus., Inc., 152 Fed. Appx. 838, 840 (11th Cir. 2005).

The Eleventh Circuit in Gregory v. Georgia Dept. of Human Resources, 355 F.3d 1277 (11th Cir. 2004), recently set forth an analytical approach to evaluating whether a charge filed with the EEOC is sufficient to support a judicial claim for discrimination. The Court "noted that judicial claims are allowed if they 'amplify, clarify, or more clearly focus' the allegations in the EEOC complaint, but has cautioned that allegations of new acts of discrimination are inappropriate" Id. at 1279-80 (quoting Wu, 863 F.2d at 1547). A "plaintiff's judicial complaint is

---

[3] The purpose of the EEOC charge filing requirement "is to insure that the settlement of grievances be first attempted through the office of the of the EEOC." Gregory v. Georgia Dept. of Human Services, 355 F.3d 1277, 1279 (11th Cir. 2004) (quoting Wu v. Thomas, 863 F.2d 1543, 1548 (11th Cir. 1989).

limited by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." Gregory, 335 F.3d at 1280 (quoting Alexander v. Fulton County, Ga., 207 F.3d 1303, 1332 (11th Cir. 2000)).

The question before this Court is whether the retaliation claim Plaintiff seeks to assert in this case amplifies, clarifies, or more clearly focuses the allegations in Plaintiff's EEOC Charge or can reasonably be expected to grow out of the Charge, or whether Plaintiff's retaliation claim is beyond the scope of the Charge.

Plaintiff's EEOC Charge alleges that he was required to work more hours than other employees, was denied vacation, denied promotions, suspended and later terminated from his employment by Defendants' employees who knew of his medical condition. He claims he was not told the reason for his discharge by his district manager and implies that the reason he was given for not being promoted was pretextual. Plaintiff claims he was discriminated against based on his age and his disability and "in retaliation because of my medical condition." (EEOC Charge dated July 26, 2006, Defendants' Opposition to Plaintiff's First Motion for Leave to File Amended Pleading, Ex. A) ("Defs.' Opp"). Plaintiff marked the following boxes in his EEOC Charge as the basis for his discrimination claim: "Age," "Disability" and "Retaliation." Reviewing the Charge as a whole, Plaintiff alleges

three separate kinds of discrimination, including retaliation. In the "particulars" section of the Charge, Plaintiff states he was discriminated against "in retaliation because of my medical condition." The Court does not read the Charge as narrowly as Defendants urge. Rather, the Court believes that Plaintiff alleged retaliation as a basis for discrimination in the Charge, distinguishing it from discrimination based on "age" and "disability." The Court concludes that the uncounseled statements in the Charge as a whole "could have reasonably been extended to encompass a claim of retaliation," Gregory, 355 F.3d at 1280, particularly because Plaintiff on two occasions specifically refers to "retaliation" as a basis for the discrimination he alleges. In other words, the retaliation claim Plaintiff seeks to add by amendment is "like or related to, or grew out of" the allegations of retaliation in the Charge. In light of Plaintiff's overtures to retaliation in the Charge, it is reasonable to assume that the EEOC would have investigated whether Plaintiff complained about his treatment and suffered retaliation as a result.

The Court determines that the retaliation claim Plaintiff seeks to assert by amendment would not be futile. The Court further concludes that because this case is in its early stages and because Defendants have known since at least September

2006 that Plaintiff sought to assert a retaliation claim, Defendants will not be prejudiced by this amendment.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's First Motion for Leave to File Amended Pleading [9] is **GRANTED**.

**SO ORDERED** this 17th day of January, 2007.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE